**People of the State of Illinois, Plaintiff-Appellee, v. John Neal, Defendant-Appellant.**

**Gen. No. 52,335.**

First District, Third Division.

September 12, 1968.

Patrick A. Barton, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant was charged with the murder of one Vivian Montgomery. In a trial without a jury he was found guilty and sentenced to serve a term of 14 to 20 years in the State Penitentiary. He takes this appeal contending that the State failed to prove the corpus delicti of the crime; that he was not proven guilty beyond a reasonable doubt and that he was deprived of a

fair and impartial trial because of prejudicial conduct by the State during closing argument. A summary of the evidence adduced at the trial follows.

Officers Michael Burns and Robert Kulovitz of the Chicago Police Department testified that at about 1:00 a. m. on July 19, 1966, they responded to a radio call that a woman had been shot in a car at 7702 South Phillips Avenue, Chicago. When they arrived at the scene, they left their car and approached a parked car from which the defendant was slowly alighting with a revolver in his hand. Both officers ordered him to drop the gun, but he continued to hold it, aiming it between them. Officer Burns grabbed the gun from the defendant and pushed him against the car. Another officer arrived and put handcuffs on the defendant and Burns went around to the passenger side, where he observed a woman slumped over on the front seat. She was semiconscious, had blood on the side of her head and wore no clothes above the waist. The officers testified that the gun they took from the defendant had been fired twice and that there were four live shells remaining in the weapon. Inside the car they found an empty whiskey bottle, a blanket, a bag containing picnic supplies and a wallet containing identification signed "Vivian Montgomery," and "Vivian Neal." They testified that they did not find any of the victim's clothes.

Dr. Eugene Tapia testified that on July 19, 1966, he examined the body of Vivian Montgomery and concluded that she had died as a result of a bullet wound to the brain. The bullet had entered the left temporal region of the head just above the left ear in a trajectory to the right and downward. He further testified that there were no powder burns on the left ear or on the left side of the face. He ordered a blood test and determined from it that the victim had had a drink or two, but was not intoxicated at the time of the murder.

Burt Nielson, a firearms identification technician for the Chicago Police Crime Laboratory, testified that he

tested the revolver taken from the defendant and that it was his opinion that it had fired the bullet which the Coroner removed from Vivian Montgomery's brain. He further testified that his tests revealed that it was necessary to apply four and one-half to fifteen pounds of pressure to the trigger of the revolver before it would fire. That is twice as much trigger pressure as is required to fire an ordinary police service revolver.

The defendant testified that he had been living with Miss Montgomery for about three months; that on July 18, 1966, they left home at 1:00 p. m. to go to a picnic at Red Gate Woods; that they drank a pint of whiskey at the picnic grounds and that while there, Miss Montgomery pulled out a revolver which she owned and fired at something on the ground, apparently thinking it was an animal. After the picnic they went to a drive-in movie at 74th Street and Western Avenue, Chicago. At the drive-in Miss Montgomery drank quite a bit and because it was hot she removed her blouse which was all she had on above the waist. Defendant testified that she threw the blouse out of the car window and rode all the way home with nothing on above the waist. He further testified that when they were about two blocks from home she took the revolver from her purse and in what defendant thought was a joking manner, threatened to shoot him. She pointed it at him and he grabbed her right hand in an attempt to shake the revolver from her grasp. Defendant testified that she turned his head and told him to watch the road; that the next thing he heard was a shot and that the revolver at that time was about one foot from her head. He testified that his only thought then was to get medical attention for Miss Montgomery and that he drove to his home, where he called the operator and asked her to notify the authorities and that he then returned to the car to wait for help.

 Defendant's first contention is that the State failed to prove the corpus delicti of the crime. In a trial

for murder the corpus delicti consists of two essential elements—the fact of death and the fact that the death was produced by the criminal agency of some person other than the deceased. People v. Willson, 401 Ill 68, 81 NE2d 485; People v. Bentley, 357 Ill 82, 191 NE 230. Both must be established beyond a reasonable doubt. People v. Manske, 399 Ill 176, 77 NE2d 164; People v. Ahrling, 279 Ill 70, 116 NE 764; Hoch v. People, 219 Ill 265, 76 NE 356. The defendant contends that the State did not prove beyond a reasonable doubt that the death of Vivian Montgomery was produced by a criminal agency. The corpus delicti may be proved by circumstantial evidence or by the defendant's own testimony given in defense. People v. Manske, supra; People v. Hanson, 359 Ill 266, 194 NE 520. The burden was not on the defendant to prove his innocence, but when he elected to explain the death of the deceased, it was incumbent upon him to tell a reasonable story or to be judged by its improbabilities. People v. Meyers, 412 Ill 136, 105 NE2d 746; People v. Lofton, 64 Ill App2d 238, 212 NE2d 705. The defendant's story that Miss Montgomery shot herself accidentally while holding the revolver in her right hand is incompatible with the other evidence adduced at the trial. The bullet entered the victim's head above the left ear in a trajectory to the right and downward. For the victim to have inflicted such a wound herself would have been an amazing feat, but that she did so accidentally without leaving any trace of powder burns on her head and with a revolver which required fifteen pounds of trigger pressure to fire is incredible. The evidence proves beyond any reasonable doubt that Miss Montgomery's death was produced by criminal means.

 Defendant's second contention is that he was not proven guilty beyond a reasonable doubt. He argues that where the proof is entirely circumstantial, any reasonable hypothesis consistent with the defendant's innocence must be adopted and that his account of the

facts relating to Miss Montgomery's death presents such a reasonable hypothesis. People v. Wilson, 400 Ill 461, 81 NE2d 211. The facts we have stated in the preceding paragraph reveal that it is not a reasonable hypothesis. His defense, that the shooting was accidental, must stand or fall on the weight and credibility of his own testimony. People v. Lofton, 64 Ill App2d 238, 212 NE2d 705. As already stated in our consideration of the defendant's first point, the trial court was warranted in finding that the defendant did not present a reasonable or credible defense. The evidence presented by the State was sufficient to prove the defendant guilty beyond a reasonable doubt.

Defendant's third contention is that he was deprived of a fair and impartial trial by the prejudicial conduct of the State. In his closing argument the State's Attorney mistakenly characterized People v. Warren, 52 Ill App2d 374, 202 NE2d 131, as involving the murder by a man of his wife, when in fact it involved the murder by one man of another. The identity of the victim in the case had no bearing on the point for which the case was cited and consequently the error could not have prejudiced the defendant.

Other points raised by the defendant relating to the distinction between cases cited by the State's Attorney and the instant case are equally inconsequential in a case tried by the court. We do not deem it necessary to encumber the opinion with a discussion of them.

The defendant was not deprived of a fair and impartial trial and his guilt was established beyond a reasonable doubt.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.